MICHAEL P. MURPHY, COUNTY COUNSEL (SBN 83887)
By: David A. Levy, Deputy (SBN 77181)
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA  94063
Telephone: (650) 363-4756
Facsimile:  (650) 363-4034
E-mail:  dlevy@co.sanmateo.ca.us

Attorneys for Defendant
Deputy Sheriff FRANK KASTELL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY ARDEN,<br><br>• Plaintiff,<br><br>vs.<br><br>FRANK KASTELL, LINARD DAVIS, AIRPORT TRAVEL AGENCY, INC., ALLA SERDYUCHENKO, RON BRIGHAM, SARTE CARTE, INC., and Does 1-10<br><br>Defendants. | Case No. 10-cv-00436 JL<br><br>**DEFENDANT FRANK KASTELL'S ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant FRANK KASTELL, in answer to the First Amended Complaint of Plaintiff, GARY ARDEN, admits, denies and alleges:

1. Admits the allegations contained in Paragraphs 2 and 17.

2. Denies each and every allegation contained in Paragraphs 19, 34, 37, 44, 46, 47, 48, 49, 50, 52, 53, 54, 55, 56 and 57.

3. Lacks adequate knowledge to respond to the allegations of Paragraphs 1, 3, 4, 5, 6, 12, 15, 16, 22, 24, 25, 27, 28, 29, 30, 32, 35, 36, 37, 39, 40, 41 and 42, and on that basis, denies each and every allegation contained therein.

4. Answering Paragraphs 7, 8, 9 and 10, these allegations are legal, rather than factual, and on that basis, denies each and every allegation contained therein.

5. Answering Paragraph 13, admits the allegations contained in the first, second and fourth

sentences, and lacks information and belief as to the third and fifth sentences, and on that basis, denies each and every other allegation contained therein.

6.  Answering Paragraph 14, admits the allegations contained in the third and fourth sentences, and lacks adequate knowledge as to each and every other allegation contained therein, and on that basis, denies those allegations.

7.  Answering Paragraph 18, admits that Detective Kastell investigated plaintiff's activities, interviewed Mr. Davis and took a statement from him, and after conducting a proper investigation, prepared his investigative report, which included, among things, the statement quoted in this paragraph, and denies each and every other allegation contained therein.

8.  Answering Paragraph 20, admits that Detective Kastell, as part of his investigation, interviewed Ms. Serdyuchenko, and that the statement quoted in this paragraph is an accurate quotation from his investigation report, and denies each and every other allegation contained therein.

9.  Answering Paragraph 21, admits that Detective Kastell spoke with plaintiff on that date, and that plaintiff voluntarily spoke with Detectives Kastell and Corkery, and described their observations of his conduct that day, and he agreed to empty his pockets, and he offered a bogus explanation as to why he had $109 in small bills, and that his supervisor had requested that he turn over his company radio, company keys, airport badge and parking pass, and that plaintiff was not under arrest, and that he was free to leave, and deny each and every other allegation contained therein.

10. Answering Paragraph 23, admits that Detective Kastell gave the ID badge, and SmartCarte's keys, radio and parking pass to Ms. Serdyuchenko, booked the currency totaling $109 into evidence, and denies each and every other allegation contained therein.

11. Answering Paragraph 26, the first sentence contains legal conclusions only, and denies each and every other allegation contained in the paragraph.

12. Answering Paragraph 31, admits that the District Attorney filed the referenced criminal complaint in April 2009, and denies each and every other allegation contained therein.

13. Answering Paragraph 33, admit that a Deputy District Attorney requested additional information from Detective Kastell, and he cooperated fully and procured it for the District Attorney's office promptly, and denies each and every other allegation contained therein.

14.     Answering Paragraph 38, admits that Detective Kastell came to court, and testified truthfully that he observed plaintiff "selling carts" on February 3, 2009 at San Francisco International Airport and plaintiff voluntarily spoke with him, and thereafter the Detective booked into evidence the $109 in small bills handed to him by plaintiff, and denies each and every other allegation contained therein.

15.     Answering Paragraph 45, admits that plaintiff voluntarily spoke with Detective Kastell who advised plaintiff that he did not need to speak with Detectives Kastell and Corkery, and that plaintiff would be free to leave at the conclusion of the interview, and that plaintiff consented to speak with the detectives, and denies each and every other allegation contained therein.

16.     Answering Paragraphs 11, 43 and 51, defendant incorporates each and every admission, denial and allegation contained in Paragraphs 1 through14 of this Answer as though fully set out herein.

17.     Answering Paragraphs 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84 and 85, plaintiff makes no factual allegations in these paragraphs, which comprise his Third, Fourth, Fifth , Sixth, Seventh or Eighth Claims for Relief against defendant Kastell, and on that basis, this answering defendant denies each and every allegation contained therein.

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

18.     As a separate and distinct affirmative defense, the complaint fails to state facts sufficient to constitute a cause of action or claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

(Immunity from Suit)

19.     As a separate and distinct affirmative defense, this answering defendant is immune from suit on his claims for relief brought under state law pursuant to Government Code §§ 818, 818.8, 820..2, 820.4, 820.6, 820.8, 821.6 and 822.2.

**THIRD AFFIRMATIVE DEFENSE**

(Failure to present Government Claim)

20.     As a separate and distinct affirmative defense, Plaintiff failed to present a Government

Claim on his claims for relief brought under state law, and such claims for relief are barred.

**FOURTH AFFIRMATIVE DEFENSE**

(Good Faith)

21.     As a separate and distinct affirmative defense, all of the acts of this answering defendant in investigating and assisting the prosecution of Plaintiff's conduct were done in good faith and motivated by legitimate law enforcement reasons.

**FIFTH AFFIRMATIVE DEFENSE**

(Willful Misconduct)

22.     As a separate and distinct affirmative defense, Plaintiff is barred from recovery based upon his own willful misconduct.

**SIXTH AFFIRMATIVE DEFENSE**

(Lack of Malicious Intent)

23.     As a separate and distinct affirmative defense, this answering defendant never intended to harm plaintiff or to violate his constitutional rights, if any such violation occurred.

**SEVENTH AFFIRMATIVE DEFENSE**

(Reasonable Investigation and Response)

24.     As a separate and distinct affirmative defense, this answering defendant conducted a reasonable investigation into plaintiff's conduct and responded appropriately.

**EIGHTH AFFIRMATIVE DEFENSE**

(Unclean Hands and Misconduct)

25.     As a separate and distinct affirmative defense, Plaintiff is barred from relief because he has unclean hands and volitionally engaged in the conduct of which he now complains.

**NINTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

26.     As a separate and distinct affirmative defense, Plaintiff failed to mitigate any or all of his alleged damages, and is thereby precluded from recovering those damages which could have reasonably been avoided by the exercise of due care on his part.

//

**TENTH AFFIRMATIVE DEFENSE**

(Consent)

27. As a separate and distinct affirmative defense, plaintiff voluntarily engaged met with, spoke with and cooperated with this answering defendant, and thereby consented to the conduct of which he now complains.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Contributory Negligence)

28. As a separate and distinct affirmative defense, plaintiff was careless and negligent in and about the matters alleged in the complaint, and said carelessness and negligence on his own part proximately contributed to the happening of the incidents and damages he complains of, if any there were, and should plaintiff recover any damages, this answering defendant is entitled to have the amount thereof abated, reduced or eliminated to the extent that said negligence caused or contributed to plaintiff's own damages, if any there were.

**TWELFTH AFFIRMATIVE DEFENSE**

(Comparative Negligence)

29. As a separate and distinct affirmative defense, the damages allegedly sustained by plaintiff were either wholly or in part negligently caused by individuals or entities other than this answering defendant, and said negligence comparatively reduces the percentage of liability or negligence, if any, by this answering defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Reasonable Detention)

30. As a separate and distinct affirmative defense, to the extent any force was used by this answering defendant in detaining plaintiff, such force was reasonable and privileged as necessary for valid law enforcement purposes.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(No Violation of Civil Rights for Negligent Conduct)

31. As a separate and distinct affirmative defense, at no time were the Due Process clauses of the United States or California Constitutions violated, because the conduct of this answering defendant

was, at most, merely negligent (and negligence is expressly denied), and plaintiff is therefore precluded from maintaining claims for violation of civil rights.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Assumption of Risk)

32. As a separate and distinct affirmative defense, plaintiff, by his own wrongful conduct, assumed the risk that he would be caught, investigated, and potentially prosecuted, and his claims are therefore barred.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Profiting from one's own wrongdoing)

33. As a separate and distinct affirmative defense, plaintiff cannot take advantage of his own wrongdoing, and his claims are therefore barred.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(No Property Rights Implicated)

34. As a separate and distinct affirmative defense, plaintiff was not deprived of anything in which he had a property right, and therefore neither his 4th nor 5th Amendment rights were violated.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(No Acquittal of Criminal Charges on the Merits)

35. As a separate and distinct affirmative defense, plaintiff was not acquitted of any charges, nor was he found factually innocent, and therefore he was not exonerated in his criminal case.

### NINETEENTH AFFIRMATIVE DEFENSE

(No Harm Proximate or Legal Cause)

36. As a separate and distinct affirmative defense, plaintiff's injuries, if any, are the direct and proximate result of the acts of intervening third parties, for whom this answering defendant is not legally responsible to plaintiff.

### PRAYER

WHEREFORE, defendant FRANK KASTELL prays for judgment against Plaintiff as follows:

1. That Plaintiff take nothing by way of his complaint;

2. For all costs of suit, including attorneys' fees, to be awarded to this answering defendant;

3. For judgment in favor of defendant FRANK KASTELL; and

4. For such other and further relief as the Court deems just and proper.

Dated:  May 14, 2010                              MICHAEL P. MURPHY, COUNTY COUNSEL


                                                  By:            /s/
                                                       David A. Levy, Deputy County Counsel


                                                  Attorneys for Defendant
                                                  Deputy Sheriff FRANK KASTELL


**DEMAND FOR JURY TRIAL**

Defendant Deputy Sheriff FRANK KASTELL hereby demands trial by jury pursuant to Federal Rule of Civil Procedure 38(b).


                                                  MICHAEL P. MURPHY, COUNTY COUNSEL


                                                  By:            /s/
                                                       David A. Levy, Deputy County Counsel

Case No. 10-cv-00436 JL                7
DEFENDANT FRANK KASTELL'S ANSWER TO FIRST AMENDED COMPLAINT