CONSTANCE E. NORTON, Bar No. 146365
DALENE R. BRAMER, Bar No. 267753
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940
Email: cnorton@littler.com
dbramer@littler.com

Attorneys for Defendants SMARTE CARTE, INC.,
ALLA SERDYUCHENKO and RON BRIGHAM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY ARDEN,<br><br>  Plaintiff,<br><br>v.<br><br>FRANK KASTELL, LINARD DAVIS, AIRPORT TRAVEL AGENCY, INC., ALLA SERDYUCHENKO, RON BRIGHAM, SMARTE CARTE, INC., and DOES 1-10,<br><br>  Defendants. | Case No. 3:10-CV-00436 JL<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER |

1. **PURPOSES AND LIMITATIONS**

   Disclosure and discovery activity in this Action are likely to involve production of Confidential, proprietary, or private information by the parties for which special protection from public disclosure and from use for any purpose other than prosecuting this Action would be warranted. Accordingly, the parties hereto stipulate to and petition the Court to enter the following Stipulated Protective Order in this Action. The parties hereto acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery or an appropriately served subpoena and that the protection it affords extends only to information or items that are entitled under the applicable legal principles to treatment as Confidential.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

Case No. 3:10-CV-00436 JL

[PROPOSED] STIPULATED PROTECTIVE ORDER

2. **DEFINITIONS**

    2.1    **PARTIES:** Any party to this action, including all of her, his or its officers, directors, employees, consultants, retained experts, general counsel, outside counsel and their support staff.

    2.2    **DISCLOSURE OR DISCOVERY MATERIAL:** All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    2.3    **"CONFIDENTIAL" INFORMATION OR ITEMS:** Information (regardless of how generated, stored or maintained) or tangible things that are treated as Confidential by a party or to this Action.

    2.4    **"HIGHLY CONFIDENTIAL" INFORMATION OR ITEMS:** Attorneys' Eyes Only ("AEO") Information is Confidential Information whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

    2.5    **RECEIVING PARTY:** A Party that receives Disclosure or Discovery Material from a Producing Party.

    2.6    **PRODUCING PARTY:** A Party that produces Disclosure or Discovery Material in this Action.

    2.7    **DESIGNATING PARTY:** A Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

    2.8    **PROTECTED MATERIAL:** Any Disclosure or Discovery Material that is designated as "Confidential."

    2.9    **EXPERT:** A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.

3. **SCOPE**

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

2.     Case No. 3:10-CV-00436 JL
[PROPOSED] STIPULATED PROTECTIVE ORDER

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in Court proceedings or in other settings that might reveal Protected Material.

4. **DURATION**

Even after the termination of this Action, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or the Court's order otherwise directs.

5. **DESIGNATING PROTECTED MATERIAL**

5.1 **Manner and Timing of Designations.** Except as otherwise provided in this Stipulated Protective Order (*see, e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced. Any party, and anyone who produces documents or computer media or gives testimony in this action, may designate information as Confidential Information or Highly Confidential – AEO Information if it meets the respective definitions set forth in Paragraphs 2.3 and 2.4, above.

Designation in conformity with this Stipulated Protective Order requires:

(a) <u>Information in documentary form</u> (apart from transcripts of pretrial or trial proceedings): Any "document" (defined herein as including, but not necessarily limited to: exhibits, documents and things, including prototypes and samples, answers to discovery such as interrogatories and responses to requests for admissions, motions, briefs, memoranda, deposition or hearing transcripts and oral answers to deposition questions, and copies of any of the foregoing) produced or given by any party or person during discovery, hearings or trial in this case which sets forth or contains any Confidential Information (as defined above) may be designated by a party or other producing person with the notation that it is "Confidential." Only that portion of the document containing Confidential Information may be designated as "Confidential" and the designating party will restrict its designation to the smallest portion of the document necessary to protect the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

3.   Case No. 3:10-CV-00436 JL
[PROPOSED] STIPULATED PROTECTIVE ORDER

Confidential Information. The Producing Party shall affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- AEO" at the top or bottom of each page that contains protected material.

    (b) <u>Testimony given in pretrial or trial proceedings:</u> The Party offering or sponsoring the testimony shall identify on the record, before the close of the hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party that sponsors, offers, or gives the testimony may invoke on the record (before the proceeding is concluded) a right to have up to fourteen (14) calendar days following mailing of the transcript by the court reporter to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the fourteen (14) calendar days following mailing of the transcript by the court reporter shall be covered by the provisions of this Stipulated Protective Order. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- AEO" as instructed by the Party offering or sponsoring the witness or presenting the testimony.

    (c) <u>Information produced in some form other than documentary, and for any other tangible items:</u> The Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- AEO." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential."

  **5.2** **Inadvertent Failure to Designate.** If corrected within thirty (30) calendar days from the date of production, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

4.  Case No. 3:10-CV-00436 JL
[PROPOSED] STIPULATED PROTECTIVE ORDER

of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

    **6.1** **Timing of Challenges.** Unless a prompt challenge to a Designating Party's Confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party hereto does not waive its right to challenge a Confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    **6.2** **Meet and Confer.** A Party hereto that elects to initiate a challenge to a Designating Party's Confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue or by written communication) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the Confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging party may proceed to the next stage of the challenge process only if it has first engaged in this meet and confer process.

    **6.3** **Court Intervention.** A Party hereto that elects to press a challenge to a Confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the Confidentiality designation that was given by the Designating Party in the meet and confer dialogue. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

    **7.1** **Basic Principles.** A Receiving Party may use Protected Material disclosed or produced by another Party in connection with this case *only for prosecuting, defending, or*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

5.     Case No. 3:10-CV-00436 JL

[PROPOSED] STIPULATED PROTECTIVE ORDER

*attempting to settle this Action.* Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the Action has been terminated, a Receiving Party must return all Confidential material to the Producing party, or provide a certification, under penalty of perjury, that the material has been destroyed. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures its confidentiality.

**7.2 Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Counsel of record in this Action (including Outside Counsel), as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Stipulated Protective Order" attached hereto as Exhibit A;

(b) experts or consultants (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Stipulated Protective Order" attached hereto as Exhibit A;

(c) the Court and its personnel;

(d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(e) during their testimony, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Stipulated Protective Order" attached hereto as Exhibit A. Pages of transcribed testimony or exhibits that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(f) the author of the document or the original source of the information.

**8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

6.  Case No. 3:10-CV-00436 JL
[PROPOSED] STIPULATED PROTECTIVE ORDER

Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A.

9. **FILING PROTECTED MATERIAL**

All documents designated as Confidential shall be filed under seal unless exempted by the designating party and the burden to retain the Confidentiality under Northern District local rules and court rules shall be placed on the designating party. Nothing in this Order shall limit the use of Confidential documents at trial.

10. **MISCELLANEOUS**

    **10.1 Right to Further Relief.** Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

    **10.2 Attorney-client Privilege.** Nothing contained in this Protective Order is intended to pertain to, or dilute any information protected by the attorney-client privilege or the attorney work-product doctrine.

    **10.2 Right to Assert Other Objections.** By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party hereto waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

7.  Case No. 3:10-CV-00436 JL

[PROPOSED] STIPULATED PROTECTIVE ORDER

1  IT IS SO STIPULATED, THROUGH THE PARTIES' COUNSEL OF RECORD.

2  Dated: September __, 2010

3

4                                          _____
                                           CONSTANCE E. NORTON
                                           LITTLER MENDELSON
5                                          A Professional Corporation
                                           Attorneys for Defendants
6                                          SMARTE CARTE, INC.,
                                           ALLA SERDYUCHENKO and RON
7                                          BRIGHAM

8
   Dated: September __, 2010
9

10                                         _____
                                           DAVID A. LEVY
                                           COUNTY COUNSEL
11                                         Attorney for Defendants
                                           FRANK KASTELL
12

13 Dated: September ___, 2010

14

15                                         _____
                                           MARC R. SEIDENFELD
                                           LAW OFFICE OF MARC SEIDENFELD
16                                         Attorney for Defendants
                                           LINARD DAVIS AND AIRPORT TRAVEL
17                                         AGENCY, INC.

18 Dated: September 22, 2010

19

20                                         _____
                                           CHARLES CARREON
                                           ONLINE MEDIA LAW, PLLC
21                                         Attorneys for Plaintiff
                                           GARY A. ARDEN

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

8.                                    Case No. 3:10-CV-00436 JL

[PROPOSED] STIPULATED PROTECTIVE ORDER

**IT IS SO STIPULATED, THROUGH THE PARTIES' COUNSEL OF RECORD.**

Dated: December 9, 2010

                                                     /s/ Constance E. Norton
CONSTANCE E. NORTON
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
SMARTE CARTE, INC.,
ALLA SERDYUCHENKO and RON BRIGHAM

Dated: December 9, 2010

                                                     /s/ David A. Levy
DAVID A. LEVY
COUNTY COUNSEL
Attorney for Defendants
FRANK KASTELL

Dated: December 9, 2010

                                                     /s/ E. Forrest Shryock, Jr.
E. FORREST SHRYOCK, JR.
WILLIS DEPASQUALE, LLP
Attorney for Defendants
LINARD DAVIS AND AIRPORT TRAVEL AGENCY, INC.

I certify that the content of the foregoing document is acceptable to all persons required to sign the document and authorization to electronically sign this document has been obtained.

## ORDER

For good cause shown, it is hereby ORDERED that this STIPULATED PROTECTIVE ORDER is entered in this Action in accordance with the above Stipulation of the Parties thereto.

Dated: December 15, 2010

_____
Magistrate James Larson

10.  Case No. 3:10-CV-00436 JL

[PROPOSED] STIPULATED PROTECTIVE ORDER

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

Case: *Gary A. Arden v. Frank Kastell, Linard Davis, Airport Travel Agency, Inc., Alla Serdyuchenko, Ron Brigham, Smarte Carte, Inc. and Does 1-10*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
CASE NO.: 3:10-CV-00436 JL

I, _____, declare under penalty of perjury under the laws of the State of California that I have read in its entirety the Stipulated Protective Order in the above-referenced lawsuit, and agree to adhere to and be bound by its terms. I hereby submit to the jurisdiction of the Superior Court of the State of California for the County of San Mateo in the above entitled action for the purpose of enforcement of the Stipulated Protective Order.

I hereby appoint_____[print or type full name] of _____[print or type full address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order.

SIGNED:_____

DATED:_____

CITY/STATE:_____

Firmwide:96039349.1 061095.1006

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

11.

Case No. 3:10-CV-00436 JL

[PROPOSED] STIPULATED PROTECTIVE ORDER