UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GARY ARDEN,<br><br>    Plaintiff,<br><br>    v.<br><br>FRANK KASTELL<br><br>    Defendant. | Case No. 10-cv-00436 NC<br><br>**TENTATIVE RULING ON MOTIONS IN LIMINE**<br><br>Re: Dkt. Nos. 110-115, 118, 119 |

Gary Arden sues Detective Frank Kastell under 42 U.S.C. § 1983, claiming that the detective violated his due process rights by falsifying a police report, causing Arden to be prosecuted. This order sets forth the Court's tentative rulings on the evidentiary motions in limine filed before the jury trial. The Court will issue final orders on the motions after the pretrial conference.

1. Arden MIL1A, Dkt. No. 115: to preclude defendant's expert witness Scott Seaman from offering trial testimony about his observations of the SFO Surveillance Videos, because his opinions have not been disclosed.

ORDER: DENIED. Kastell has provided evidence that Seaman was deposed about his observations of the videos. Seaman may testify within the confines of his deposition testimony.

2. Arden MIL1B, Dkt. No. 115: to preclude expert witness Seaman from offering

1 opinion about his inability to view the surveillance videos before his deposition.

2     ORDER: GRANTED, as unopposed.  Seaman may not opine on any technical
3 difficulties he had viewing the videos.

4     3.  Arden MIL2, Dkt. No. 115: to preclude witness Jeff Pugh of Covenant Security
5 from providing speculative opinion testimony about Arden's promotion history at
6 Covenant.

7     ORDER: DENIED, without prejudice to objecting to specific questions at trial.  The
8 Court is not convinced at this stage that Pugh's expected testimony is speculative or lacks
9 foundation.

10     4.  Kastell MIL1, Dkt. No. 110: to preclude expert witness Joseph Solga from
11 offering any new opinions not previously disclosed.

12     ORDER: GRANTED, as unopposed.

13     5.  Kastell MIL2, Dkt. No. 111: to preclude evidence of speculative damages
14 concerning Arden's work history at Covenant Security.

15     ORDER: DENIED, without prejudice to objecting to specific questions at trial.  The
16 Court is not convinced at this stage that Arden's expected testimony about his work history
17 at Covenant is speculative or lacks foundation.

18     6.  Kastell MIL3, Dkt. No. 112: to preclude evidence of Kastell's assets unless the
19 jury renders a verdict entitling an award of punitive damages.

20     ORDER: GRANTED, as unopposed.

21     7. Kastell MIL4, Dkt. No. 113: to preclude evidence of prior prosecutions of Arden's
22 co-workers for embezzlement.

23     ORDER: GRANTED.  Prior investigations and prosecutions that had no connection
24 to Arden are not relevant, and any probative value would be outweighed by jury confusion.
25 The Court is not persuaded by Arden's assertion that Kastell's "investigative skills" are
26 relevant to this trial.  Dkt. No. 121.

27     8.  Kastell MIL5, Dkt. No. 114: to preclude evidence of Feb. 2, 2009 SFO
28 surveillance video.

ORDER: DENIED.  Kastell argues that the February 2 video is irrelevant and likely to confuse the jury because the embezzlement charge against Arden is based on Kastell's February 3 investigation.  The events of February 2, however, are referenced in Kastell's report, even though Kastell was not at the airport on February 2.  Furthermore, the video could corroborate witness testimony.  On the other hand, the Court is concerned about the jury's attention to hours and hours of security video and questions if all 1.5 hours is required, in addition to the February 3 security video.

IT IS SO ORDERED.

Date: October 1, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge

Case No. 10-cv-00436 NC
ORDER ON MOTIONS IN LIMINE                    3