UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GARY ARDEN,<br><br>         Plaintiff,<br><br>     v.<br><br>FRANK KASTELL,<br><br>         Defendant. | Case No. 10-cv-00436 NC<br><br>**ORDER RE: PRETRIAL RULINGS, DEADLINES, AND TRIAL PROCEDURES** |

The parties attended a pretrial conference on October 1, 2014. This order sets forth the Court's rulings on issues discussed at the conference and sets pretrial deadlines in addition to those previously set in the Court's Order Re: Trial Preparation, Dkt. No. 107:

1. E-FILING. By 3:00 p.m. on October 3, 2014, the parties must file in ECF the documents submitted to the Court as part of the Joint Trial Readiness Binder or emailed to ncpo@cand.uscourts.gov that have not already been filed. Any additional submissions must also be filed in ECF by the deadline ordered.

2. TRIAL STIPULATIONS.

   (A) Plaintiff does not intend to pursue a claim for *Brady* evidence suppression or delayed prosecution against Kastell.

   (B) The Court grants the parties' Proposed Order on Pretrial Stipulations. The

Case No. 10-cv-00436 NC
ORDER RE: PRETRIAL DEADLINES
AND TRIAL PROCEDURES

parties must continue to meet and confer in an attempt to agree to additional stipulations regarding the conduct of the trial. If there are such additional stipulations, the parties must file jointly a Supplemental Proposed Order on Pretrial Stipulations and email an electronic copy in Word format to ncpo@cand.uscourts.gov by October 8, 2014.

3. JURY SELECTION.

(A) Jury selection will begin on Tuesday, October 14, 2014 at 9:00 a.m.

(B) There will be 8 jurors selected; no alternates.

(C) The parties do not intend to use a jury questionnaire. If the parties intend to ask the Court to conduct any part of the voir dire, the proposed questions must be jointly submitted to the Court in writing by October 8, 2014.

(D) Each side will be entitled to three peremptory challenges.

4. JURY INSTRUCTIONS.

(A) By October 8, 2014, the parties must submit jointly any agreed-upon jury instructions. If a party requests additional instructions to which the other party objects, it must submit the disputed instructions separately, which may include brief argument, by the same deadline.

(B) The Court will give Ninth Circuit Model Instruction 1.15 ("Questions to Witnesses by Jurors").

5. SUMMARY OF CASE STATEMENT. By October 8, 2014, the parties must jointly submit an agreed-upon summary of the case, not to exceed one page.

6. VERDICT FORM. By October 8, 2014, the parties must meet and confer regarding a verdict form and submit a proposed verdict form to the Court.

7. MOTIONS IN LIMINE. The Court adopts its Tentative Ruling on Motions in Limine, Dkt. No. 127, as its final order on those motions.

8. TRIAL BRIEFS.

(A) By October 7, 2014, the parties must meet and confer about the issue raised in their joint pretrial conference statement about whether Kastell is entitled to assert the defense of qualified immunity as to Arden's fabrication of evidence claim. By the same

deadline, the parties must file either (1) a stipulation explaining how the parties propose to address the issue, or (2) Kastell must file a trial brief setting forth his position on the issue, not to exceed five pages, and Arden must file a response, not to exceed five pages by October 9, 2014. No reply briefs may be filed without leave of Court.

(B) The Court will hear argument on the trial briefs on October 15, 2014, at 8:00 a.m.

9. TRIAL WITNESSES.

(A) In the Joint Pretrial Conference Statement and Joint Witness List submitted by the parties, plaintiff included Melinda Pengel, a former Vice President and General Manager of Covenant Aviation Security, as a witness who would testify about "Arden's past performance and qualifications for promotions at Covenant Aviation"; "Review and interpretation of records from Arden's personnel file." *See* Dkt. No. 108 at 5. At the pretrial conference, Kastell objected to the testimony of Pengel on the basis that she has not been disclosed previously as a potential witness.

Under Rule 26 of the Federal Rules of Civil Procedure, a party is under an obligation to disclose the name, address, and telephone number of all witnesses it expects to use to support its claims or defenses, Fed. R. Civ. P. 26(a)(1)(A)(i), and must supplement its disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Here, Arden's failure to disclose Pengel has precluded Kastell from taking her deposition. At the pretrial conference, Arden argued that he did not identify Pengel as a potential witness until after he was able to depose Covenant witnesses on July 30, 2014. To the extent Arden contends there has been a delay in providing discovery, he failed to

timely present that issue to the Court. Even assuming that Arden was prevented from identifying Pengel as a witness early in the case due to no fault of his own, he still failed to explain why he waited to disclose her until the filing of the Joint Pretrial Conference Statement. Moreover, Pengel's testimony is cumulative of that of other witnesses disclosed by the parties, such as Jeff Pugh and Rosalie Aranda who were deposed as Rule 30(b)(6) witnesses on behalf of Covenant and will testify at trial concerning Arden's suitability for promotion at Covenant. *See* Dkt. No. 108 at 5-6.

Accordingly, the testimony of Pengel is excluded because Arden failed to disclose her as required by Rule 26 and because he has not shown that this failure was substantially justified or is harmless.

(B) Parties must provide at least 24-hour notice to each other before calling a witness.

(C) No party will be permitted without leave of Court to call in their case-in-chief any witness who is not disclosed in the joint pretrial conference statement.

10. TRIAL EXHIBITS.

(A) By October 8, 2014, the parties must meet and confer about the admissibility of each exhibit and file jointly a complete, revised Exhibit List. The list must contain a brief description of each exhibit's contents, and the identity of each sponsoring witness. The exhibit list must specify whether the parties stipulate to admit the exhibit or the grounds for any objections to the exhibit. If no objections have been noted on the list with respect to a given exhibit, the Court will treat that as an indication that the parties stipulate to the admissibility of the exhibit. The exhibit list must also include an additional column so that the Court can track the date on which each exhibit is admitted. This information must be presented in chart format and organized numerically.

(B) Exhibits must be provided to the Court by October 9, 2014, as follows: two sets of exhibits marked, tabbed, indexed, and to be provided in binders. Exhibits sets may be delivered/mailed directly to Chambers. The parties must otherwise coordinate with the Courtroom Deputy for other delivery.

Each exhibit must be pre-marked with an exhibit tag placed in the top right corner of the first page of a document. Parties are to use a color other than white for the exhibit tags. A page of blank trial exhibit tags can be found on the Court's website. If an exhibit is a physical object (rather than a document), a picture should be taken and placed in the binder.

11.  TRIAL SCHEDULE.

(A)  Trial days will be 9:00 a.m. to 4:00 p.m. with two 15-minute breaks at approximately 10:30 a.m. and 2:30 p.m., and a 45-minute lunch break at 12:00 p.m.

(B)  Opening statements and presentation of the evidence will begin on October 15, 2014. The Court expects that the first phase of the trial will be completed by October 21, 2014.

(C)  Each side (plaintiffs and defendant) will be allotted a total of twelve hours for their case, including presentation of evidence and cross-examination, but excluding opening and closing statements, legal argument, or the punitive damages phase of the case. Each side will be allotted 45 minutes for their opening statement. The clerk will maintain a record of time used by each side.

(D)  No continuance of trial will be granted except by Court order in response to a motion supported by good cause. Jury costs may be assessed against a party or counsel for failure to proceed with trial or failure to provide timely notice of settlement.

(E)  By October 8, 2014, the parties must make any necessary arrangements regarding a court reporter.

IT IS SO ORDERED.

Date: October 2, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge