UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GARY ARDEN, | Case No. 3:10-cv-00436 NC |
| Plaintiff, | **PROPOSED FINAL JURY INSTRUCTIONS** |
| v. | |
| FRANK KASTELL, | |
| Defendant. | |

**I.   Introduction**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case. Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any

Case No. 3:10-cv-00436 NC
FINAL JURY INSTRUCTION

personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.  In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## II.     Summary of the Claims and Defenses in this Case

Gary Arden brings his claim under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

I will give you a brief review of the positions of the parties:

This case is about two men who worked at San Francisco Airport.  In February 2009, Gary Arden was a Manager for Smarte Carte, the company that runs the automated cart rentals at the airport, and Frank Kastell was a detective with the Airport San Mateo County Sheriff's Office.  Kastell investigated Arden for embezzlement from Smarte Carte.  Arden alleges Kastell fabricated evidence that he recorded in a police report and delivered to the San Mateo County District Attorney, and as a result, in April 2009, Arden was prosecuted for embezzlement.  Arden was not convicted, but he was prosecuted until November 2009, when the case was dismissed by the District Attorney's Office.  Arden alleges Kastell violated his civil rights by fabricating evidence of Arden's guilt, and that, as a result, Arden suffered economic damages and non- economic damages in the form of humiliation, emotional suffering, and distress.  Kastell denies that he fabricated evidence, contends that his report was truthful, and disputes Arden's claim for damages.

## III.    Burden of Proof

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## IV. Evidence

### 1. Evidence You May Consider

The evidence you are to consider in deciding what the facts are consists of: (1) the sworn testimony of any witness; (2) the exhibits received into evidence; and (3) any facts to which the lawyers have agreed.

#### a. Evaluation of Witness Testimony

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it. In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

#### b. Expert Witnesses

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Case No. 3:10-cv-00436 NC
FINAL JURY INSTRUCTION            3

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case. The expert witnesses who testified in this case are Joseph Solga and Scott Seaman.

### c.  Stipulated Facts

The parties have agreed to certain facts that have been provided to you. You should therefore treat these facts as having been proved.

### d.  Charts and Summaries

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

## 2.  Things You May Not Consider

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

Case No. 3:10-cv-00436 NC
FINAL JURY INSTRUCTION          4

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

3. <u>Types of Evidence</u>

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

4. <u>Evidence in Electronic Format</u>

Those exhibits capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer will be available to you in the jury room.

A court technician will show you how to operate the computer and how to locate and view the exhibits on the computer. You will also be provided with a paper list of all exhibits received in evidence. If you need additional equipment or supplies, you may make a request by sending a note.

In the event of any technical problem, or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury. Be as brief as possible

in describing the problem and do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any non-juror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to make sure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform me immediately and refrain from viewing such materials. Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

## V.   Section 1983 Claim

### 1.   Elements

In order to prevail on his 42 U.S.C. § 1983 claim against Frank Kastell, Gary Arden must prove each of the following elements by a preponderance of the evidence:

1. Frank Kastell acted under color of law; and
2. The act or acts of Frank Kastell deprived Gary Arden of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in

the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that Frank Kastell acted under color of law.

If you find Gary Arden has proved each of these elements, and if you find that Gary Arden has proved all the elements he is required to prove under the Deprivation of a Particular Right instruction below, your verdict should be for Gary Arden. If, on the other hand, Gary Arden has failed to prove any one or more of these elements, your verdict should be for Frank Kastell.

### 2. Deprivation of a Particular Right

The second element of Gary Arden's claim is that Frank Kastell deprived Arden of a Fourteenth Amendment due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated. Gary Arden alleges that he was criminally charged with embezzling from his employer on the basis of false evidence deliberately fabricated by Frank Kastell.

The jury is not asked to decide if Frank Kastell deprived Gary Arden of his rights under the United States Constitution by conducting an improper arrest, detention, or interrogation, or by failing to preserve evidence.

## VI. Deprivation of a Particular Right Explained; State of Mind

Gary Arden claims that Frank Kastell violated the Fourteenth Amendment to the Untied States Constitution by deliberately making one or more false statements about Gary Arden in a police report.

In order to establish his claim for violation of the Fourteenth Amendment, Gary Arden must prove each of the following three things by a preponderance of the evidence:

*First*, that Frank Kastell made a false statement about Gary Arden in a police report. Gary Arden may show either, or both, of two types of false statements: (1) statements attributed to witnesses, and (2) statements of Frank Kastell's own observations.

Case No. 3:10-cv-00436 NC
FINAL JURY INSTRUCTION          7

*Second*, that Frank Kastell's false statement shocks the conscience, that is, he deliberately made a false statement <u>either</u>:

    (a) With intent to deprive Gary Arden of his rights; OR,

    (b) With deliberate indifference to Gary Arden's rights.  Deliberate indifference is the conscious or reckless disregard of the consequences of one's acts or omissions.  It entails something more than negligence but is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.

*Third*, that Frank Kastell's deliberate false statement or statements about Gary Arden in Frank Kastell's report were a proximate cause of Gary Arden's prosecution for embezzlement.

## VII.   Causation

### 1.   Proximate Cause

In order to establish that the act or acts of Frank Kastell deprived Gary Arden of his particular rights under the laws of the United States as explained in earlier instructions, Gary Arden must prove by a preponderance of the evidence that the act or acts was or were so closely related to the deprivation of Gary Arden's rights as to be the moving force that caused the ultimate injury.

### 2.   Concurrent Causes

Many factors or things or the conduct of two or more persons can operate at the same time either independently or together to cause injury or damage and in such a case each may be a proximate cause.

## VIII.  Calculation of Damages

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Gary Arden, you must determine Gary Arden's damages. Gary Arden has the burden of proving damages by a preponderance of the

evidence. Damages means the amount of money that will reasonably and fairly compensate Gary Arden for any injury you find was caused by Frank Kastell.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

### 1. Measures of Types of Damages

In determining the measure of damages, you should consider:

The nature and extent of Gary Arden's injuries;

The reasonable value of necessary legal services that Gary Arden expended in defense of his criminal prosecution;

The reasonable value of wages, earnings, earning capacity, salaries, employment, and employment opportunities lost to the present time; and,

The mental, physical, and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future, including all painful emotions arising from criminal prosecution from the crime of embezzlement from an employer, such as humiliation, frustration, powerlessness, damaged reputation, and the sense of lost self-respect.

The parties have stipulated that Gary Arden incurred attorneys fees and costs in the defense of his criminal prosecution in the amount of $42,369.66. If you determine that Frank Kastell violated Gary Arden's constitutional rights and caused injury to Gary Arden, and that Gary Arden should be awarded damages, including the value of necessary legal services he expended in defense of his criminal prosecution, you must include the amount of $42,369.66 in the damages award.

### 2. Nominal Damages

The law which applies to this case authorizes an award of nominal damages. If you find for Gary Arden but you find that he has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages

may not exceed one dollar.

### IX. Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

### X. The Jury's Duty to Deliberate

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and

Case No. 3:10-cv-00436 NC
FINAL JURY INSTRUCTION          10

speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

//

Case No. 3:10-cv-00436 NC
FINAL JURY INSTRUCTION            11

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and will advise the Court that you are ready to return to the courtroom.

IT IS SO ORDERED.

Date: October 19, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge